IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARRIN WILLIAM MATT,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-82-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On March 28, 2014, Petitioner Darrin William Matt filed this action under 28 U.S.C. § 2254. Matt is a state prisoner proceeding pro se.

In June 2012, Matt was serving a sentence for felony assault with a weapon. In June 2012, Matt's suspended sentence was revoked and he was re-sentenced to serve seven years in prison, with two years suspended. Pet. (Doc. 1) at 2-3 ¶¶ 2-4. He states that he was arrested on June 8, 2012, at 8:20 p.m., on an allegation that he had violated the conditions of his release. Bond was set at $20,000. He was taken to the jail at Pablo because the Lake County Jail was full. He remained at Pablo until 2:00 p.m. on June 11, 2012, when he was transferred to the Lake County Jail. Throughout that time, he did not see his probation officer. Pet. at 4-5

1

¶¶ 13A-B; Mot. (Doc. 5) at 1; Supp. ("Aff./Compl.") (Doc. 8) at 1-2; Mot. for Relief (Doc. 9) at 1, Mot. to Dismiss and Proceed (Doc. 10) at 1; Supp. 2d (Doc. 13) at 1-2.

Mont. Code Ann. § 46-23-1012 does requires a probable cause hearing within 72 hours of a probationer's arrest – not 36 hours as suggested by Matt. Mont. Code Ann. § 46-23-1012(2), (3).[1] But even if the statute required a hearing in 36 hours, federal habeas relief is not available for violations of state law. *Wilson v. Corcoran*, 526 U.S. 1, __, 131 S. Ct. 13, 16 (2010) (per curiam); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Matt does not have a federal constitutional right to see his probation officer when he is arrested on a probation violation.

Matt's allegations might be extremely liberally construed to allege a delay in determining probable cause to support his detention. But the fact that he "admitted to his 36 probation violations from 2010 to June 2012," Supp. (Doc. 8) at 1, necessarily establishes that there was probable cause to detain him. *Cf. United States v. Mechanik*, 475 U.S. 66, 67 (1986); *Moody v. Daggett*, 429 U.S. 78, 86 n.7 (1979); *Schepp v. Fremont County*, 900 F.2d 1448, 1456 (10th Cir. 1990). Any

---

[1] The statute used to require that a probable cause hearing must be held within 36 hours of a probationer's arrest on a warrant issued by a judge. *State v. Giddings*, 29 P.3d 475, 477 ¶¶ 17-20 (Mont. 2001); *see also* Mot. for Relief (Doc. 9) at 1. The statute did not require a probable cause hearing within 36 hours of arrest on a probation officer's warrant. *State v. Goebel*, 31 P.3d 335, 336 ¶ 6, 339 ¶ 20 (Mont. 2001). Strange as it sounds, that is indeed what the statute said. At any rate, the statute was amended in 2001 to delete the requirement for a hearing within 36 hours of a defendant's arrest even on a judge's warrant. 2001 Mont. Laws ch. 493 §§ 5, 9 (eff. May 1, 2001).

delay in establishing probable cause for detention would not invalidate the revocation judgment.

All of Matt's other allegations involve the conditions of his confinement and/or class-action status. He clarifies that he seeks relief from the revocation judgment. *See* Mot. to Dismiss and Proceed (Doc. 10) at 1. He has also filed a separate civil action. *See Matt v. Bugni*, Cause No. CV 14-183-M-DLC-JCL (D. Mont. filed June 12, 2014). No other allegations need be addressed in this action.

Matt is not entitled to relief against the revocation of his conditional release. The petition and associated documents should be denied. A certificate of appealability is not warranted as Matt has not made any showing that his custody on the revocation judgment violates his constitutional rights. There is no reason to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (Docs. 1, 5, 8, 13) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT

# TO FINDINGS & RECOMMENDATION
# AND CONSEQUENCES OF FAILURE TO OBJECT

Matt may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Matt must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 28th day of August, 2014.

                                              /s/ *Jeremiah C. Lynch*
                                              Jeremiah C. Lynch
                                              United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.