
**FILED**

SEP 29 2014

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARRIN WILLIAM MATT, | CV 14–82–M–DLC–JCL |
| Petitioner, | |
| vs. | ORDER |
| WARDEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge Jeremiah Lynch entered his Findings and Recommendation on August 28, 2014 denying Petitioner Matt's petition under 28 U.S.C. § 2254 for writ of habeas corpus. Matt filed a motion clarifying the central issue in his dispute on April 16, 2014; Judge Lynch's Findings and Recommendation pertain solely to that issue. Matt timely objected to the Findings and Recommendation on September 5, 2014, and so is entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error.

*McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 (D. Mont. 2014) (citations omitted). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendation in full.

Matt's petition focuses on a delay he reportedly experienced in receiving a sentence revocation hearing two years ago. On June 8, 2012, Matt was arrested for allegedly violating the conditions of his release following a suspended sentence for felony assault with a weapon. Approximately sixty-six hours passed between the time of his arrest on June 8th and the time he was ostensibly able to confer with his parole officer on June 11th.[1] Matt alleges that the delay violated Montana state law, citing Montana Code Annotated § 46-23-1012 for the proposition that a probable cause hearing on a probationer's arrest must occur

---

1. Matt's petition fails to note the exact date and time at which his probation officer made contact with him. Instead, Matt calculates the purportedly unacceptable time frame from the time he was arrested to the time he was transferred to the Lake County jail. Absent a more definite date as to contact with his probation officer, the Court calculates the time frame as Matt does.

within thirty-six hours of detention.

Judge Lynch found, and the Court agrees, that the plain language of § 46-23-1012(3) gives a probation officer seventy-two hours to either: "(a) authorize the detention center to release the probationer; (b) hold an intervention hearing pursuant to § 46-23-1015; or (c) arrange for the probationer to appear before a magistrate to set bail." As noted, Matt's probation officer made contact within the statutory window.

Nevertheless, assuming *arguendo* that Matt's probation officer failed to beat the clock in this case, Judge Lynch noted that federal habeas relief is unavailable as a remedy for violations of purely state law. *Wilson v. Corcoran*, 561 U.S. 1, __, 131 S. Ct. 13, 16 (2010) (per curiam) ("it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts . . . [t]he habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

Matt's objections do not directly address Judge Lynch's Findings and Recommendation, but appear instead to reiterate his original due process claim, albeit through an alternate legal theory. Matt alleges violations of Montana State Department of Corrections Policy No. DOC 3.4.1, which addresses "[d]isciplinary

procedures . . . intended to hold offenders accountable for misconduct while incarcerated" and applies only to "adult offenders in Department and contracted secure care facilities."[2] Matt's objections allege that the June 8th through 11th delay discussed above violated this policy. However, as the policy statement makes clear, the policy itself applies only to incarcerated offenders, which Matt was not at the time of his arrest. Further, similar to the alleged violation of § 46-23-1012, there simply is no federal habeas relief available for a violation of state executive branch policy. Matt's objection is therefore without merit.

Finally, Matt's objections contain an entirely new claim related to the sentence imposed upon him by the state court which revoked his suspended sentence in 2012. Matt appears to allege that when the revoking court imposed sentence in June 2012, it failed to take into account both the approximately fifteen months he spent incarcerated following his sentencing on the felony assault charge, and the approximately forty-one months he spent on probation after his conditional release on January 26, 2009. Matt demands as a remedy "credit of all incarcerated time and injuction [sic] of Department of Corrections policy and procedures." (Doc. 17 at 2.) While the Court "has discretion, but is not required,

---

2. Montana Department of Corrections, *DOC Policy No. 3.4.1: Offender Disciplinary System*, http://www.cor.mt.gov/content/Resources/Policy/Chapter3/3-4-1.pdf (accessed September 19, 2014).

to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation," the Court nevertheless "must actually exercise its discretion, rather than summarily accepting or denying" the allegations raised in the objections. *Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (citations omitted). The Court will consider the merits of Matt's new claim.

Montana Code Annotated § 46-18-203(7)(b) provides that "if a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit." Regardless of how the judge exercises discretion on the issue, "the judge shall state the reasons for the . . . determination in the order." Mont. Code Ann. § 46-18-203(7)(b); *State v. Williams*, 69 P.3d 222, 224-225 (Mont. 2003). The judge must give credit "for time served in a detention center or home arrest time already served." Mont. Code Ann. § 46-18-203(7)(b).

"Any judicial disposition of a criminal case resulting from a plea, verdict or finding of guilt is itself a sentence, regardless of whether actual punishment is deferred or immediately imposed," and must be appealed to the Montana Supreme Court within sixty days. *State v. Rice*, 910 P.2d 245, 246 (Mont. 1996). Generally, a party wishing to challenge the validity of such a sentence has one year from the expiration of the sixty day time frame in which to do so. Mont.

Code Ann. §§ 46-21-101, -102.

Even if Matt provided some modicum of documentary evidence to support his new claim, which he does not, federal habeas relief is not available for such an alleged state-law-grounded procedural error. *Wilson*, 131 S. Ct. at 16. Matt requests relief in the form of an injunction against the Montana Department of Corrections' exercise of its own operational policies, as well as a credit on his post-revocation sentence for all time served. Neither remedy falls within the ambit of federal habeas relief. Apart from this insurmountable obstacle, it appears that Matt's action for review of his post-revocation sentence is simply time barred – given that Matt's sentence was imposed in June 2012, this challenge falls well beyond the two-step, fourteen month sentence appeal process prescribed by Montana law. Matt's new objection-stage claim fails consequently.

There being no clear error in Judge Lynch's remaining Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 16) are ADOPTED IN FULL. Matt's Petition (Docs. 1, 5, 8, 13) is DENIED. A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner.

DATED this 29th day of September 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court